IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BILLY E. MILFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1036-SSA-CV-W-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Claimant Billy Milford seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. He claims he became disabled beginning on March 1, 2002. The parties' briefs were fully submitted, and on September 21, 2005, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not,

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Billy Milford was born in 1966 and claims disability based on illiteracy, anxiety, depression and back pain. He has an eighth grade education and no past relevant work history. He had been periodically homeless, but was living in an apartment at the time of the administrative hearing.

He claims the Administrative Law Judge (ALJ) erred in making credibility decisions, in not giving the proper weight to the opinion of some of the treating physicians and psychiatrists, and in providing a faulty hypothetical to the vocational expert.

The medical records indicate that Milford has a history of chronic low back pain that is partially attributed to a gunshot wound in 1982. Although he sought medical treatment for back pain in 1995, at the time of his application in 2002 and through the administrative process, he was apparently not receiving ongoing medical treatment or prescription medications for his back pain. The records suggest that he took ibuprofen, sometimes in inappropriate quantities, smoked marijuana, drank alcohol and occasionally used other illicit drugs, at least in part to help control his pain and anxiety.

In 2002, Dr. Brothers performed a consultative examination relative to claimant's back pain. She opined that there may have been nerve root damage as a result of the gunshot wound, and that he appeared to have lumbar nerve root compression in at least the left lower back with some radicular features. She noted he had physical limitations, indicated he would need to restrict certain movements and stated he should frequently rotate between walking, sitting and standing. She did not assert that he was physically incapable of working.

The ALJ gave considerable credit to the restrictions noted by Dr. Brothers because they were not inconsistent with the clinical findings. The ALJ did not credit claimant's subjective complaints that were more restrictive, because he found them to be inconsistent with Milford's reported daily activities and his lack of ongoing medical care for his physical complaints. Thus, the ALJ found Milford could do light work with walking not to exceed 5 hours in an 8-hour workday, sitting and standing. He was to have no prolonged sitting, standing or walking and would need to alternate positions as necessary. He would be restricted from work above mid-chest or shoulder level and from work with vibrating or pneumatic equipment.

Milford also asserted that he had limitations based upon his emotional health. In particular, he reported a history of agoraphobia, depression and anxiety. He stated he regularly vomited when he became nervous or found himself in groups of people. He did not have a driver's license, but pushed a bicycle or walked and used public transportation. At times he collected cans or trash to sell for money and occasionally did odd jobs. The records suggest he transported large trunks of his belongings for considerable distances. He indicated he preferred being outdoors and did not like being around people. At times, he

3

was involved in physical confrontations, and he periodically took advantage of shelters and/or social services.

Between 2002 and 2004, claimant had a series of psychological assessments and mental health treatment. He was placed on prescription medications and the records indicate that when he was compliant with the medications and refrained from cannabis or alcohol use, his panic disorder with agoraphobia was improved and relatively stable. Although illiterate, IQ scores placed him in the average range of intelligence. Examiners opined that he had a personality disorder with moderate problems in social functioning, but that he was generally able to understand and remember instructions and to complete tasks

After considering the record relevant to claimant's mental health, the ALJ found claimant had panic disorder with agoraphobia, but that when combined with his physical limitations, it did not prevent his ability to work. The ALJ limited claimant's light work to positions that did not require him to be around coworkers or the public and that had seldom contact with supervisors. When a hypothetical including both the physical and psychological limitations the ALJ found to be credible was posed to the vocational expert, the expert testified that someone with the restrictions credited to claimant could do light jobs such as handkerchief folder, simple bench inspector and assembler.

Milford challenges the credibility determination made by the ALJ relative to his subjective complaints and relative to the opinions of the treating and consulting physicians, psychiatrists or psychologists and social workers. The ALJ, however, gave a fairly detailed account of what he considered inconsistencies in the record and explained why he found them to be inconsistent.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605.

4

In this case there was substantial evidence on the record as a whole to support the credibility findings made by the ALJ. While some of those findings were subject to differing interpretations, the interpretations made by the ALJ were reasonable and were supported by the record and the ALJ's explanation.

The record further documents numerous periods of claimant being noncompliant with his medications and/or treatment recommendations. The court's review is limited to a determination of whether there is substantial evidence on the record as a whole to support the Commissioner's decision. Comstock v. Chater, 91 F.3d 1143, 1145 (8th Cir. 1996). "Impairments that are controllable or amenable to treatment do not support a finding of disability, and '[f]ailure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits.'" Kisling v. Chater, 105 F.3d 1255 (8th Cir. 1997). The record in this case does not clearly indicate that claimant was incapable of or had good reason for being noncompliant with his treatment.[2]

Lastly, Milford asserts the hypothetical was flawed. A hypothetical is proper if it includes all of the impairments which the ALJ concludes are credible. See Montgomery v. Chater, 69 F.3d 273, 275 (8th Cir. 1995). The hypothetical in this case included the impairments the ALJ found to be credible and the court does not find it was improper.

For these reasons and those set forth more fully in the Commissioner's brief, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 29th day of September, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

---

[2]While it is possible that claimant's mental health might have precluded him from following through with treatment recommendations or prescriptions, it is equally possible, based upon the record presented, that claimant's noncompliance was due to life style choice and/or substance abuse.

5